Timothy G. Tonkin (#020709)
Nasser Abujbarah (#026182)
Timothy LeDuc (#037115)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: (602) 258-8900
Facsimile: (602) 900-0106
E-Mail: minute_entries@phillipslaw.com
E-Mail: uberp@phillipslaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BEATRICE JOHNSON, surviving sister and statutory beneficiary of DOROTHY JEAN DALE CHAMBERS, deceased, | Case No.: |
| | **COMPLAINT** |
| Plaintiff, | |
| vs. | |
| CITY OF PHOENIX; CITY OF PHOENIX POLICE DEPARTMENT; ARIZONA DEPARTMENT OF TRANSPORTATION; COUNTY OF MARICOPA; MARICOPA COUNTY OFFICE OF THE MEDICAL EXAMINER; TERRAN CAMPBELL; JENNIFER MALONE; ROBERT PITTS; JOHN and JANE DOE AGENTS and EMPLOYEES 1-X; BLACK CORPORATIONS 1-X; and WHITE PUBLIC ENTITIES 1-X, | |
| Defendants. | |

Plaintiff Beatrice Johnson, individually and on behalf of herself as statutory beneficiary of Dorothy Jean Dale Chambers, (hereinafter "Plaintiff"), by and through counsel undersigned, and for her Complaint alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The deceased, Dorothy Jean Dale Chambers, at all material times herein, was involved in an incident that occurred in Maricopa County, State of Arizona.

PAGE 1

2.	Plaintiff Beatrice Johnson is the surviving sister of Dorothy Jean Dale Chambers ("Decedent") and brings this action pursuant to A.R.S. § 12-612 on behalf of herself as statutory beneficiary of Decedent.

3.	Defendant City of Phoenix is a municipal corporation under the laws of Arizona, and is subject to federal civil rights actions brought pursuant to 42 U.S.C. § 1983, *et seq*.

4.	Defendant City of Phoenix Police Department is an entity wholly controlled and operated by the City of Phoenix and is subject to federal civil actions brought pursuant to 42 U.S.C. § 1983, *et seq*.

5.	Arizona Department of Transportation is an Arizona government agency which conducts activities throughout Arizona and is subject to suit in this Court under 28 U.S.C. § 1367.

6.	Defendant Maricopa County is a municipal corporation under the laws of Arizona, and is subject to federal civil rights actions brought pursuant to 42 U.S.C. 1983, *et seq*.

7.	Defendant Maricopa County Office of the Medical Examiner is an entity entirely controlled by the state of Arizona and is subject to suit in this Court under 28 U.S.C. § 1367.

8.	Defendants City of Phoenix, Phoenix Police Department, Maricopa County, Maricopa County Office of the Medical Examiner, Phoenix Police Detective Jennifer Malone, Detective Terran Campbell, Sergeant Pitts, and other unknown and unidentified individuals, each acting under the color of state law in their individual and official capacities, deprived Plaintiff of her federal civil rights under the First and Fourteenth Amendment to the United States Constitution, as hereinafter stated.

9.	Defendants City of Phoenix, Phoenix Police Department, Maricopa County, Maricopa County Office of the Medical Examiner, Phoenix Police Detective Jennifer Malone, Detective Terran Campbell, Sergeant Pitts, and other unknown and unidentified individuals acted in concert, jointly and severally, under color of state law, in their individual and official

capacities, to pursue a conspiracy to deprive Decedent of her federal civil rights under the First and Fourteenth Amendment to the United States Constitution as hereinafter stated.

10. Defendants City of Phoenix, Phoenix Police Department, Maricopa County Office of the Medical Examiner, Phoenix Police Detective Jennifer Malone, Detective Terran Campbell, Sergeant Pitts, and other unknown and unidentified individuals deprived Decedent of her right to equal protection and equal treatment under the law, both as a member of a similarly situated persons class of decedents, and as a member of a "suspect" class as a Black Woman.

11. At the time of the events alleged in this Complaint, the individual defendants employed by the City of Phoenix were acting within the course and scope of their employment.

12. Defendant City of Phoenix is vicariously liable under 42 U.S.C. § 1983 and 1985 for actions by its agents/employees who acted under color of state law pursuant to an unconstitutional policy, practice or procedure, or who acted pursuant to a policy of deliberate indifference due to a failure to train or a failure to supervise subordinates, or who acted pursuant to an order by a policymaker with final decision-making authority creating an unconstitutional policy, practice or procedure which deprived Decedent of her federal civil rights.

13. Defendant Maricopa County is vicariously liable under 42 U.S.C. § 1983 and 1985 for deprivations of Decedent's federal civil rights caused by the actions of their employees who acted under the color of law in their individual and official capacities to deprive Decedent of her federal civil rights all of whom were acting within the scope and course of their employment by the County.

14. Pursuant to 28 U.S.C. § 1331 and § 1441, this Court is vested with original jurisdiction of all civil actions arising under the statutes or Constitution of the United States.

15. Pursuant to 28 U.S.C. § 1343, this Court is vested with original jurisdiction for recovery of damages for injuries caused by a deprivation of person's federal civil rights.

16. Pursuant to 28 U.S.C. § 1367 this Court is vested with supplemental jurisdiction to adjudicate state law claims, including the right to recover damages as a civil remedy under theories of negligence and respondeat superior.

17. Defendants John Does 1-X and Jane Does 1-X are fictitious individuals named regarding state law claims pursuant to Rule 10(f), Arizona Rules of Civil Procedure. These fictitious Defendants' true names, identities and capacities are unknown at this time. Plaintiff will seasonably move to amend their complaint to add the true names, identities and capacities of these unknown Defendants at such time as they are discovered.

18. Venue is properly before this Court as all Defendants reside or operate within this District and all events giving rise to this suit occurred within this District.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

19. On April 26, 2022, at or around 8:00 PM, Nebojsa Petkovic struck and killed Dorothy Jean Dale Chambers and her boyfriend, Joseph A. Gutierrez, as they crossed the street at an uncontrolled crosswalk with no pedestrian signal on North 32nd Street and Yale Street in Phoenix, Arizona.

20. Petkovic told police officers that he was driving from work to his girlfriend's house when he "suddenly noticed a shopping cart going up in the air near his passenger side front bumper." He told officers he "never saw the pedestrians prior to the impact."

21. Based upon information and belief, Mr. Petkovic was swerving between lanes at approximately 55-60 miles per hour prior to colliding with Decedent.

22. When officers responded to the scene, they conducted a preliminary breath test which revealed that his blood alcohol content was .031.

23. Emergency medical personnel transported Dorothy Jean Chambers-Hale to Valleywise Medical Center where she was pronounced dead at 8:34 PM.

24. Victims Crime Unit Detective Jennifer Malone arrived at Valleywise Hospital where she identified Dorothy Jean Chambers-Hale using a fingerprint scan and confirmed her identity through a search of known databases.

25. Upon information and belief Dorothy Jean Chambers-Hale was then transported to the Maricopa County Examiner's office where her body was examined, and her identification confirmed.

26. Defendant City of Phoenix has known since May 2020 that the intersection where Dorothy Jean Chambers-Hale was killed was considered a high-density crash zone, this is according to the City's Key Corridors Master Plan from May 2020.

27. Arizona Department of Transportation data from 2018-2020 showed that 208 car crashed with 67 injuries occurred near this intersection.

28. The crash happened in what is termed by the city a "most disadvantaged block group," where large numbers of unhoused individuals live.

29. At the time of the crash, the intersection where Dorothy Jean Chambers-Hale was killed did not have any pedestrian lights or traffic signals.

30. The City's Key Corridors Master Plan called for traffic signals that allow for pedestrians to cross the street safely to be installed but the lights were not installed until two years later in September of 2022 after multiple delays.

31. The nearest major intersection to where Dorthy Jean Chambers-Hale was killed is Thomas Road and 32nd Street which was designated by the City in 2020 as a "Tier 1 High Injury Crash Segment," and "High Injury Locations in Disadvantaged Areas," which the City defines as "census block groups with high rates of disadvantaged population groups in relation to high injury intersections and corridors."

32. "The City of Phoenix's Road Safety Action Plan: Moving to Vision Zero," states there was a 100% fatality rate for the pedestrian crashes that occurred on Thomas Road from 28th to 32nd Street with 71% of those crashes occurring at night.

## COUNT ONE: CIVIL RIGHTS VIOLATION –
## EQUAL PROTECTION

33. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

34. Dorthy Jean Chambers-Hale was entitled to equal protection and treatment under the law, further she is a member of a "suspect class," entitling her to strict scrutiny analysis.

35. All human beings are entitled to have their bodies treated with dignity by the Government and its agents after we die.

36. Upon information and belief, Defendants City of Phoenix, Phoenix Police Department, Maricopa County Office of the Medical Examiner, Phoenix Police Detective Jennifer Malone, Detective Terran Campbell, and Sergeant Pitts mishandled the body of Dorothy Jean Chambers-Hale by failing to notify her next of kin that she had died.

37. Upon information and belief, Defendants City of Phoenix, Phoenix Police Department, Maricopa County Office of the Medical Examiner, Phoenix Police Detective Jennifer Malone, Detective Terran Campbell, and Sergeant Pitts intentionally or negligently withheld information about what happened to Dorothy Jean Chambers-Hale from her family.

38. Defendants City of Phoenix, Phoenix Police Department, Maricopa County Office of the Medical Examiner, Phoenix Police Detective Jennifer Malone, Detective Terran Campbell, and Sergeant Pitts violated Plaintiff's constitutional right to equal protection under the law by failing to notify her next of kin that she had been killed within a reasonable time.

## COUNT TWO: CIVIL RIGHTS VIOLATION –
## FAMILIAL ASSOCIATION

40. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

41. The right to familial association has long been recognized by the Supreme Court and the 9th Circuit. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *see also Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *Rosenbaum v. Washoe County*, 663F.3d 1071, 1079 (9th Cir. 2011).

42. The Decedent's family had a reasonable expectation and interest in knowing that their relative had been killed.

43. Failure to notify Decedent's family within a reasonable timeframe constitutes a violation of the recognized right of familial association as it deprives the family of notice to bury their family member according to their traditions and customs.

44. As a result of this violation, Plaintiff has suffered extreme emotional distress for which she now comes seeking compensation.

## COUNT THREE: CIVIL RIGHTS VIOLATION – UNCONSTITUTIONAL PRACTICE

45. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

46. Plaintiff alleges that Defendants City of Phoenix, Phoenix Police Department, Maricopa County Office of the Medical Examiner, Phoenix Police Detective Jennifer Malone, Detective Terran Campbell, and Sergeant Pitts acting under the color of law or under direct authority from the City violated Decedent's 14th Amendment right by incorporating or instituting a policy, practice, or procedure of not notifying the family members of a death when the decedent is, as here, experiencing homelessness.

47. This policy, practice or procedure implied or otherwise, discriminates and treats individuals differently based on their social status.

48. Plaintiff alleges that this policy, practice, or procedure is based in deliberate indifference and a failure to train or supervise employees, resulting in the deprivation of civil rights of Plaintiff Beatrice Johnson.

## COUNT FOUR: CIVIL RIGHTS VIOLATION – BREACH OF OFFICIAL POLICY

49. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

50. Based upon information and belief, Defendants had a policy of notifying the next of kin when they discovered a body that had been killed as the result of a crime.

51. Plaintiffs allege Defendants breached this policy of notifying the next of kin based on either the Decedent's status as a Black Woman or based upon her status as someone experiencing homelessness.

52. As a result of this breach, Plaintiff suffered significant emotional distress.

## COUNT FIVE: CIVIL RIGHTS VIOLATION – RIGHT OF SEPULCHER

53. Plaintiff holds a quasi-property right to the body of the Decedent, Dorothy Jean Chambers-Hale. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157 (2005) (reasoning that there exists a privacy interest that belongs to the decedent and the decedent's family based on, "[t]he well-established cultural tradition of acknowledging a family's control over the body… has long been recognized by common law,"); *Shelley v. Cnty. Of San Joaquin*, 996 F. Supp. 2d 921, 926-31 (E.D. Cal. 2014) (holding "[the family holds a] quasi-property right to its possession [of the body] … for the limited purpose of determining who shall have its custody for burial").

54. Defendants City of Phoenix, Phoenix Police Department, Maricopa County Office of the Medical Examiner, Phoenix Police Detective Jennifer Malone, Detective Terran Campbell, and Sergeant Pitts violated Plaintiff's procedural due process rights by failing to comply with the requirements outlined in A.R.S. § 28-667, A.R.S. § 11-593, and A.R.S. § 11-597.01.

55. Defendants named in Paragraph 54 failed to adequately and promptly and investigate the death of Decedent which would have allowed them to promptly notify Plaintiff of the whereabouts and condition of Decedent's body.

56. As a result of Defendants carelessness, Plaintiff suffered severe emotional distress.

**COUNT SIX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

57. Defendants City of Phoenix, Phoenix Police Department, Maricopa County Office of the Medical Examiner, Phoenix Police Detective Jennifer Malone, Detective Terran Campbell, and Sergeant Pitts exhibited extreme and outrageous behavior by failing to timely investigate the facts surrounding this incident and failing to notify the family members of the Deceased of what had transpired.

58. Defendants showed a reckless disregard of the near certainty that emotional distress would befall the Plaintiff by failing to notify her or family that Dorothy Jean Chambers-Hale had been killed.

59. As a result of Defendants' actions, Plaintiff did suffer extreme emotional distress in an amount to be proven at trial.

**COUNT SEVEN: NEGLIGENCE**

60. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

61. Defendant City of Phoenix and Defendant Arizona Department of Transportation have a non-delegable duty to maintain its streets in a reasonably safe condition. *Wiggs v. City of Phoenix*, 198 Ariz. 367 (2000).

62. As outlined above, Defendants City of Phoenix and Arizona Department of Transportation were aware that the intersection where Decedent was killed was dangerous and poorly maintained.

63. Despite this knowledge, Defendants City of Phoenix and Arizona Department of Transportation did nothing to rectify the issues at the intersection prior to Dorothy Jean Chambers-Hale's death.

64. Had Defendants City of Phoenix and Arizona Department of Transportation taken reasonable measures, which they themselves outlined they needed to take in the, "City's Key Corridors Master Plan," from May 2020 Decedent Dorothy Jean Chambers-Hale would not have been killed.

65. As a result of Dorothy's death, Plaintiff has sustained damages in an amount to be proven at trial.

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages in a sum to be determined at trial;
2. For reasonable costs and attorneys' fees as allowed by law;
3. For such other and further relief as shall be deemed appropriate under the circumstances.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants City of Phoenix and Arizona Department of Transportation, and each of them as follows:

   a. For general damages, in an amount sufficient to compensate Plaintiff for the wrongful death of Dorothy Jean Chambers-Hale in an amount to be

proven at the time of trial together with interest thereon at the highest lawful rate from the date of judgment until paid in full;

b. For special damages in an amount sufficient to compensate Plaintiff in an amount sufficient to compensate same for past, present and future economic losses together with interest thereon at the highest lawful rate from the date said expenses occurred or the date of judgment, whichever is sooner;

c. For special damages in an amount sufficient to compensate Plaintiff for funeral and burial expenses in an amount to be proven at the time of trial together with interest thereon from the date said expenses were incurred until paid in full;

d. For loss of consortium to Plaintiff;

e. For interest at the highest legal rate on all damages and costs from the time incurred on the date of such judgment, whichever is sooner, until paid; and

f. For such other and further relief as the Court deems just and proper

## JURY DEMAND

In the event trial of this matter becomes necessary, Plaintiff requests a trial by jury.

**DATED** this 22nd day of March, 2023.

**PHILLIPS LAW GROUP, P.C.**

By  /s/Timothy G. Tonkin, Esq.
    Timothy G. Tonkin, Esq.
    Nasser Abujbarah, Esq.
    *Attorneys for Plaintiffs*