RACHEL H. MITCHELL
MARICOPA COUNTY ATTORNEY

By: PAMELA A. HOSTALLERO (026711)
    ANNA G. CRITZ (034530)
    Deputy County Attorneys
    hostallp@mcao.maricopa.gov
    critza@mcao.maricopa.gov

CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
Telephone (602) 506-7667
Facsimile (602) 506-4317
ca-civilmailbox@mcao.maricopa.gov
MCAO Firm No. 00032000

Attorney for Defendants' Maricopa County
And Maricopa County Office of the Medical
Examiner

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Beatrice Johnson, surviving sister and statutory beneficiary of Dorothy Dale-Chamber, deceased,<br><br>Plaintiff,<br><br>v.<br><br>City of Phoenix, City of Phoenix Police Department, Arizona Department of Transportation, County of Maricopa; Maricopa County Office of the Medical Examiner; Terran Campbell, Jennifer Malone, Robert Pitts, John and Jane Doe Agents And Employees 1-X; Black Corporation 1-X; White Corporations 1-X; And White Public Entities 1-X,<br><br>Defendants. | NO. CV 23-00495-PHX-(GMS)<br><br>**DEFENDANT MARICOPA COUNTY AND MARICOPA COUNTY OFFICE OF THE MEDICAL EXAMINER'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |

Pursuant to Rule 7.2, Local Rules of Civil Procedure, Defendant Maricopa County and Maricopa County Office of the Medical Examiner replies in support to their Motion to

Dismiss. Plaintiff appears to confuse and/or conflate the relationship between the Phoenix Police Department and the Maricopa County Medical Examiner ("OME") and bases the entirety of her allegations on this error. As such, Plaintiff's Complaint against the OME must be dismissed.

## I.    FACTS

As it relates to the OME, Plaintiff erroneously, and without any legal support, alleges that "[t]he Maricopa County Office of the Medical Examiner ("OME") and the various police forces here in Arizona work in conjunction with one another to determine the cause of death in a limited amount of cases." (Response, p. 3, ll. 15-17). Plaintiff cited to A.R.S. § 11-594 as support. However, § 11-594 says nothing about the OME "working in conjunction" with any law enforcement agency, as alleged by Plaintiff. This statute does authorize the OME to determine cause of death, but a duty to determine cause of death does not equate to a duty to notify next of kin, which is not included in the duties of the OME. All the language cited by Plaintiff from the OME's website is consistent with its actual legal duty.

Plaintiff next alleges that "[t]he extent of the relationship between OME and City of Phoenix Police is impossible to determine at this juncture, but common sense and past behavior suggest that these two agencies work closely together." (Response, p. 4, ll. 2-4). Plaintiff again makes an impossible leap with no legal authority. The City of Phoenix and the County OME are complete and separate legal entities tasked with performing completely separate functions when a deceased person is brought before them.

Plaintiff then alleges that "[t]he closeness of these two organizations is

significant in the present case because the OME has at least part of their practices and procedures being framed by an organization that is under federal investigation for routinely violating the rights of both minorities and people experiencing homelessness." (Response, p. 4, ll. 4-7). However, Plaintiff cites to a single article titled "Justice Department Announces Investigation of the City of Phoenix and the Phoenix Police Department." (Response, Exhibit D). The OME and the City of Phoenix, including the PPD, are complete and separate legal entities. The OME has nothing to do with this investigation and Plaintiff fails to include any additional examples or legal authority to support such a position. The OME is not under any federal investigation and to suggest otherwise, without support, is problematic.

## II.    LEGAL ARGUMENT

### A.    Plaintiff's Respondeat Superior Argument Fails.

Plaintiff argues that she is not making a *respondeat superior* argument against the County or the OME but instead argue that they are making a direct liability argument for "for instituting a policy, statement, ordinance, regulation, or decision that was adopted and implemented by their agents/employees that deprived Plaintiff of her civil rights." (Complaint, p. 5, ll. 12-15). This allegation would then fall under the *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-94 (1978) line of cases. As such, Plaintiff is required to at the very least name the policy that "is the moving force" that violated her constitutional rights and if it is an "unwritten policy," Plaintiff must show that the "policy or custom must be so persistent and widespread that it constitutes permanent and well settled city policy." Plaintiff failed to provide either. Instead, Plaintiff relies on a

single newspaper article that quite literally has nothing to do with the OME's policies or procedures. (Response, Exhibit E).

### B. Plaintiff's Equal Protection Claim Fails.

Plaintiff's sole support for her equal protection claim appears to be that same article referenced above. (Response, p. 7, ll. 16-22 and Exhibit E). Even if a single newspaper article is enough to support an equal protection cause of action, which Defendants certainly argue it is not, Plaintiff's allegation that this article somehow supports her position that the "Maricopa County and OME are systematically denying due process rights to a specific group of citizens here in Arizona," is completely inaccurate. The article discusses the problems with the homeless dying in Phoenix. It has nothing to do with the OME, its policies and/or procedures, or how it handles death investigations.

### C. Plaintiff's Familial Relations Argument Fails.

Plaintiff argues that her familial relations argument stands because the "Police Report, attached hereto as Exhibit B, Officer Jennifer Malone and Detective Campbell mention that they found known associates of Dorothy Dale-Chambers by running her fingerprints." (Response, p. 9, ll. 12-14). Plaintiff next argues that because the "Phoenix Police Department utilizes several databases to find next of kin information" that somehow equates to the OME having access to that information, or indeed having a duty to access that formation and notifying the family, neither of which are true nor accurate readings of the law in Arizona. (Response, p. 9, ll. 14-15). Nowhere does Plaintiff include any allegation directly related to the OME. Instead, Plaintiff outlines the information and resources the Phoenix Police Department had access to and implies that this somehow

imposes liability against the County or the OME. As previously noted, the Phoenix Police Department and the OME are separate and distinct entities with their own legal duties, obligations, and resources. Because Plaintiff has failed to offer any support for her familial relations cause of action, it should be dismissed.

**D.    Plaintiff's Right of Sepulcher Cause of Action Fails.**

Plaintiff again relies on the above referenced newspaper article as sole support for her position that the OME was "lackadaisical" in its efforts to notify next of kin. (Response, p. 10, l. 24; p. 11, ll. 3-5). Plaintiff, however, failed to include any policy, procedure, custom that suggests that the OME had a duty to notify family members or that notification was delayed in the few days it took for the PPD to notify the decedent's family of her passing. Even if Plaintiff's allegation that the PPD had this information in its possession earlier is accurate, that does not mean that the OME had access to that information or that it had a duty to notify next of kin.

**E.    The OME is a Nonjural Entity.**

Plaintiff concedes that the OME is not a proper party and should be dismissed. (Response, p. 6, ¶ c).

**F.    Amendment Would be Futile.**

Plaintiff suggests that the Court should permit an amended complaint to cure the wrongful death cause of action. (Response, p. 4, ¶ a). However, leave to amend is properly denied if it would be futile. *Gardner v. Martino,* 563 F.3d 981 (9th Cir. 2009).

Here, even if Plaintiff cures this defect, it does nothing to cure the other significant non-curable defects in the Complaint and, as such, amendment would be futile. Namely,

amending the complaint would not somehow impose a duty on the County or the OME to notify next of kin. It would not somehow establish the bare minimum needed to support a a *Monell* claim. Finally, it would do nothing to establish that the County or the OME violated any of Plaintiff's constitutional rights.

## III.   CONCLUSION

Plaintiff's reliance on a single newspaper article as her sole support for imposing a duty on the OME and the County is woefully insufficient. Neither the County nor the OME had a duty to notify Plaintiff of decedent's passing. Plaintiff failed to offer any factual or legal support to her allegations that the County or the OME violated her constitutional rights or that either entity had a written or unwritten policy that would support such an allegation. Because amendment would be futile, Plaintiff's Complaint should be dismissed.

**RESPECTFULLY SUBMITTED** this 7th day of April 2023.

> RACHEL H. MITCHELL
> MARICOPA COUNTY ATTORNEY
>
> BY:  /s/ Pamela A. Hostallero
> PAMELA A. HOSTALLERO
> ANNA G CRITZ
> Deputy County Attorneys
> *Attorneys for Defendants Maricopa County and Maricopa County Office of the Medical Examiner*

**CERTIFICATE OF SERVICE**

Per Article II(D)(3) of the Electronic Case Filing Administrative Policies and Procedures Manual, "No certificate of service is required when a paper is served by filing it with the court's electronic-filing system." If the foregoing document is served on a party not listed in the Court's Case Management/Electronic Case Files (CM/ECF) System, service by paper copy will be indicated below or a certificate of service will be filed separately within a reasonable time after service.

*/s/D. Shinabarger*

S:\CIVIL\CIV\Matters\RM\2022\Johnson v. City of Phx 2022-3336\Pleadings\District Court Caption.docx