WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beatrice Johnson, | No. CV-23-00495-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is Defendant Maricopa County and Maricopa County Office of the Medical Examiners' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 29). The parties stipulated to the amendment of the complaint after the County filed its motion to dismiss. Nevertheless, the parties agree that: (1) the Plaintiff's Second Amended Complaint ("SAC") still names the County's Office of the Medical Examiner ("OME") as a party, (2) that the County moved to dismiss the OME as a party in the Motion to Dismiss, and, (3) the motion further moved to dismiss the first three of the causes of action that remain in the SAC. These matters have thus been fully briefed. After the filing of the SAC the City of Phoenix ("City") joined in specified parts of the County Defendants' Motion to Dismiss (Doc. 38). For the reasons below, the motion is granted.

## BACKGROUND

Pursuant to the facts pleaded in the SAC which the Court accepts as true, Plaintiff's sister Dorothy Dale-Chambers, was struck and killed while crossing the street in Phoenix

on April 26, 2022. Ms. Dale-Chambers was unhoused and the area in which she was killed is the location of many other similarly unhoused persons. The intersection by/at which she was killed did not have a traffic signal and was considered a high-density crash zone. Her body was thereafter identified and transported to the Maricopa County Medical Examiner's Office where her identification was confirmed. Plaintiff brings this action on behalf of herself and is in the process of perfecting her right to assert claims on behalf of the estate of the decedent.[1]

## ANALYSIS

**1. The Appropriate Parties.**

A state governmental entity may be sued only if the legislature has so provided. *Kimball v. Shofstall*, 17 Ariz. App. 11, 13 (1972. Plaintiff concedes that the OME is not a Jural entity. (Doc. 37 at 6). It thus cannot be sued even if the County can be based on the OME's actions. The Maricopa County Office of the Medical Examiner is thus dismissed as a party to this lawsuit.

The SAC now asserts claims on behalf of Decedent's estate which may be permitted under A.R.S. § 12-612. Thus, at least at present, there is no basis to dismiss the Estate's claims against the City.

**2. Plaintiff Fails to State a Plausible Equal Protection Claim (Count One)**

In her SAC Plaintiff alleges that her sister was entitled to equal protection and treatment, and that her sister was a member of a "suspect class." According to the SAC, Maricopa County failed to notify decedent's next of kin that she had died. Further the SAC alleges that this failure resulted from an official policy or practice of Defendants. The SAC

---

[1] Both parties attach a number of materials to the motion papers which they ask the Court to consider in ruling on this motion. "Because Rule 12(b)(6) review is confined to the complaint, the court typically does not consider material outside the pleadings (*e.g.*, facts presented in briefs, affidavits, or discovery materials) when deciding such a motion." *Scripps America Inc. v. Ironridge Global LLC,* 119 F.Supp.3. 1213, 1230 (C.D. Cal. 2015). Although the Court can consider such materials as are uncontested and incorporated into the complaint, the supplemental materials here do not qualify. Further, while in appropriate circumstances the Court can take judicial notice that a newspaper article has been published, it does not take judicial notice of the facts asserted in the article unless they are relevant and uncontested. The allegations necessary to make a claim plausible need to be contained in the SAC. The Court thus considers the facts alleged in the SAC.

alleges this is a violation of the decedent sister's equal protection rights under § 1983.

But there are several problems with count one as presently stated.

First, the claim made is for a denial of the decedent sister's right to equal protection which occurred after her decease. Yet, "the Civil Rights Act, 42 U.S.C. § 1983 . . . does not provide a cause of action on behalf of a deceased based upon alleged violation of the deceased's civil rights which occurred after h[er] death." *Guyton v. Phillips,* 606 F.2d 248, 250 (9th Cir. 1987).

Second, the homeless are not a suspect class under the constitution. *Sanchez v. City of Fresno,* 914 F.Supp.2d 1079, 1108 (E.D. Cal. 2102) ("No court has ever held the homeless to be a suspect class under this standard."). Of course, Plaintiff's decedent may be a member of a suspect class unidentified in the complaint. To the extent she is, she must nevertheless state sufficient facts to make it not merely possible, but plausible that the city and/or the county have a policy or practice of failing to notify next of kin of the decease of homeless persons of that particular class. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2)." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). Plaintiff has pleaded insufficient facts to meet this plausibility standard. Therefore, Count One is dismissed with leave to amend within thirty days of the date of this Order.

**3. Plaintiff Fails to State A Plausible Familial Association Claim (Count Two)**

In Count Two of her SAC Plaintiff alleges that the Defendants' "[f]ailure to notify Decedent's family within a reasonable timeframe constitutes a violation of the recognized right of familial association." (Doc. 43 at ¶ 41). There are again problems with count two as presently stated.

The Ninth Circuit does recognize that a "child's interest in her relationship with a parent is sufficiently weighty by itself to constitute a cognizable liberty interest" and that "a parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child." *Curnow By and Through Curnow*

*v. Ridgecrest Police,* 952 F2d 321, 325 (9th Cir. 1991). *Estate of Osuna v. County of Stanislaus,* 392 F. Supp.3d 1162 (E.D. Cal. 2019) Yet, Plaintiff is not the decedent's parent, nor is the decedent's estate. Nor is it apparent how Plaintiff, or the decedent's estate can claim the loss of the companionship and society of her sister due to the actions of the Defendants. *Ward v. City of San Jose,* 967 F.2d 280 (9th Cir. 1991) (holding that adult, non-cohabiting siblings do not "possess a cognizable liberty interest in their [sister's] companionship.")

Even assuming that Plaintiff as the decedent's sister could qualify to state a claim for the denial of the right of familial association, and that there exists an associational right with respect to the decedent once she has died, the Plaintiff's claims must allege something more than mere negligence against the Defendants. "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams,* 474 U.S. 327, 328 (1986). To the extent that Plaintiff placed their familial association claim under the First rather than the Fourteenth Amendment it does not affect the present analysis because, courts "analyze the right of intimate association in the same manner regardless [of] whether we characterize it under the First or Fourteenth Amendments." *Mann v. City of Sacramento,* 748 Fed. App'x 112, 115 (9th Cir. 2018). And Plaintiff's Second Count in the SAC simply fails to present well-pleaded facts which permit the Court to infer that Defendants were more than negligent in causing or failing to notify Plaintiff of her sister's death. Therefore, Count Two is dismissed with leave to amend within thirty days of the date of this Order.

### 4. Plaintiff Fails to State A Plausible Due Process Violation (Count Three)

Count Three of Plaintiff's SAC is dismissed with leave to amend for similar reasons. *Marsh v. County of San Diego,* 680 F.3d 1148, 1154 (9th Cir. 2007) recognizes a substantive due process right in family members "to direct and control disposition of the body of the deceased" insofar as it protects from the wrongful dissemination of death photos of a family member. But "[t]o violate substantive due process, the alleged conduct must 'shock[] the conscience' and 'offend the community's sense of fair play and decency.'" *Id.*, quoting

*Rochin v. California,* 342 U.S. 165, 172-73 (1952). In this case, Plaintiff fails to allege what the Defendants did to "shock the conscience" sufficient to make it probable that they had violated Plaintiff's familial substantive due process right to "direct and control disposition of the body of the deceased." They also fail to plausibly allege how the Defendants acted with more than negligence in committing that violation. *Daniel,* 474 U.S. at 330. Therefore, Count Three is dismissed with leave to amend within thirty days of the date of this Order.

**IT IS THEREFORE ORDERED** that the County Defendants' Motion to Dismiss (Doc. 29) is granted. Therefore, the Office of the Medical Examiner is dismissed as a party and counts one, two and three of Plaintiff's complaint are dismissed with leave to amend within thirty days of the date of this Order.

Dated this 9th day of February, 2024.

_____
G. Murray Snow
Chief United States District Judge